[ECF No. 18]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

**GREGORY BOSTARD**,

               **Plaintiff,**

v.

**WILDWOOD CREST BORO, et al.**,

               **Defendants.**

Civil No. 23-18574 (KMW/MJS)

## OPINION AND ORDER

This matter is before the Court on the motion by plaintiff Gregory Bostard ("Plaintiff") to amend the complaint to add a defendant, Chief Robert Lloyd (the "Chief"), and to "include more descriptive use of the force as disclosed in discovery and to more specifically add the delay of access to post arrest medical care in paragraph 26." ECF No. 18 at 27. Defendants Wildwood Crest Boro, Det/Cpl James Collins, Captain Richard D'Amico, Jr., and Raymond Engel (collectively "Defendants") consent to Plaintiff's addition of more detail to the allegations but oppose the inclusion of the Chief as a new defendant. ECF No. 22 at 4. Pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1(b), the Court decides this motion without oral argument. For the reasons that follow, Plaintiff's motion is **GRANTED**.

I.   **Background**

The complaint in this action was filed on September 8, 2023, wherein Plaintiff alleged Wildwood Crest Boro and several of its police officers violated Plaintiff's federal civil rights on September 11, 2021, when investigating an alleged assault of a minor child by Plaintiff on the Wildwood beach. ECF No. 1 at 4-5. Plaintiff asserts he was charged the following day

under New Jersey law with assault of law enforcement, resisting arrest, and obstruction of administration, but all charges were either dismissed or not pursued. Id. at 5. On September 15, 2021, Plaintiff was also charged with aggravated assault of a minor child and endangerment of a child and pled guilty to third-degree endangerment. Id.

Since the filing of the complaint, the parties engaged in fact discovery and advised this Court at a case management conference on October 29, 2024, that such discovery was complete. ECF No. 30. The Court thereafter entered a text order requiring production of Plaintiff's expert reports 45 days after a decision on this motion, and production of Defendants' expert reports 45 days after service of Plaintiff's expert reports. Id. Plaintiff filed this motion on July 10, 2024, consistent with the Court's amended scheduling order. ECF No. 14.

## II. Discussion

Given Defendants' partial opposition to this motion, and the passage of sufficient time to preclude Plaintiff from amending his complaint "once as a matter of course" under Fed. R. Civ. P. 15(a)(1), Plaintiff may only amend his complaint "with . . . the court's leave," which "should freely [be given] when justice so requires." Fed. R. Civ. P. 15(a)(2). "In the absence of substantial or undue prejudice to the nonmoving party—which 'is the touchstone for the denial of an amendment'—'denial instead must be based on bad faith or dilatory motives, truly undue or unexplained delay, repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment.'" USX Corp. v. Barnhart, 395 F.3d 161, 166 (3d Cir. 2004) (quoting Lorenz v. CSX Corp., 1 F.3d 1406, 1413-14 (3d Cir. 1993)).

Defendants oppose, as futile, Plaintiff's request to add the Chief as a new defendant because the statute of limitations allegedly bars Plaintiff from suing the Chief in his individual capacity. ECF No. 22 at 4. Defendants assert Plaintiff's claim under 42 U.S.C. § 1983 is

2

governed by the statute of limitations applicable to personal injury tort claims in the state in which such a claim arises, which in New Jersey is 2 years. Id. at 5. Plaintiff, however, maintains that this issue is addressed by the relation-back doctrine of Rule 15 because "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." ECF No. 18 at 29. Specifically, Plaintiff alleges that the Chief was present and failed to intervene in the incident of excessive force from which all claims arise. Id. at 27. Plaintiff asserts the Chief was not initially named as a defendant because Plaintiff first learned at the Chief's deposition, on June 28, 2024, that he participated in the alleged use of excessive force. Id. at 27, ECF No. 18-3 at 2.

"A civil rights action under section 1983 is subject to the personal injury statute of limitations of the state in which the cause of action accrued," Moore v. Walton, 96 F.4th 616, 622 (3d Cir. 2024), which in New Jersey is 2 years, Campbell v. County of Morris, 852 Fed.Appx. 73, 75 (3d Cir. 2021). "The clock begins when a claim accrues—that is 'when the plaintiff knew or should have known of the injury upon which its action is based.'" Id. (quoting Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009)). "Rule 15(c) of the Federal Rules of Civil Procedure governs when an amended pleading 'relates back' to the date of a timely filed original pleading and is thus itself timely even though it was filed outside an applicable statute of limitations." Krupsksi v. Costa Crociere S.P.A., 560 U.S. 538, 541 (2010).  Thus, the relation-back doctrine "ameliorate[s] the running of the statute of limitations." Moore, 96 F.4th at 623 (quoting Singletary v. Pa. Dep't of Corr., 266 F.3d 186, 193 (3d Cir. 2001)). The Court finds that Plaintiff meets the requirements for relation back under Rule 15(c)(1)(C).

3

The Court initially addresses Defendants' contention that Rule 15(c)(1)(C) is inapplicable because Plaintiff proposes to add a new defendant, not to "change[] the party or the naming of the party against whom a claim is asserted" as the rule literally states. ECF No. 22 at 5-6. The Third Circuit, however, is clear that "[r]eplacing the name John Doe with a party's real name amounts to the changing of a party or the naming of a party under Rule 15(c)[.]" Garvin v. City of Phila., 354 F.3d 215, 220 (3d Cir. 2003) (citing Varlack v. SWC Caribbean, Inc., 550 F.2d 171, 174 (3d Cir. 1977)). Thus, it is permissible for Plaintiff to move under this rule, provided that Plaintiff meets three requirements:

> (1) First, the requirements of Rule 15(c)(1)(B) are met, that is "the amendment asserts a claim . . . that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading."
>
> (2) Second, the proposed defendant must have received notice of the action such that he will not be prejudiced in defending on the merits within the period provided by Federal Rule of Civil Procedure 4(m), i.e., "90 days after the complaint is filed." Fed. R. Civ. P. 15(c)(1)(C)(i).
>
> (3) Third, the proposed defendant knew or should have known, within the Rule 4(m) period, that but for a mistake concerning the proper party's identity he would have been named in the original complaint. Fed. R. Civ. P. 15(c)(1)(C)(ii).

Here, there appears to be no dispute that the claims Plaintiff wishes to bring against the Chief "arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading," namely the Chief's direct involvement in the same incident from which all claims against all other defendants arise, the alleged use of excessive force on September 11, 2021. ECF No. 18-5 at 6-8. Thus, the Court concludes that the requirements of Rule 15(c)(1)(B) are met and the first requirement is satisfied.

Turning to the second requirement, Rule 15(c)(1)(C)(i), the notice provision, does not mandate that the newly named defendant receive notice of the original complaint by service of process, rather "notice may be deemed to have occurred when a party who has some reason to expect his potential involvement as a defendant hears of the commencement of litigation through some informal means." Singletary, 266 F.3d at 195. The Third Circuit has recognized two methods of imputing notice under this rule: the "identity of interest" method and the "shared attorney" method. Here, the Court finds that the Chief has a sufficient identity of interest with his subordinate officers and the Boro of Wildwood Crest to impute notice for Rule 15(c) purposes.

"Identity of interest generally means that the parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other." Singletary, 266 F.3d at 197 (quoting 6A Charles A. Wright, et al., Federal Practice and Procedure § 1499, at 146 (2d ed. 1990)). The originally named individual defendants were served through a records clerk at the Wildwood Crest Police Department on October 4, 2023, which was within 90 days as required by Rule 4. ECF No. 3. Unlike the proposed defendant in Singletary, who had no administrative or supervisory duties, the proposed defendant here is the police chief, and thus a supervisory officer to the already named individual defendants. See Ward v. Taylor, 250 F.R.D. 165, 169 (2008) (correctional lieutenant in supervisory position that plaintiff sought to add in a civil rights action after the expiration of the statute of limitations had sufficient identity of interests with the original defendants, parallel level supervisors, to impute notice to him for the purpose of the relation back rule). As the Chief, the court readily finds that the institution of action against members

5

of the department for an incident, where the proposed defendant was present, also serves to provide notice of the litigation.

Finally, turning to the third requirement, Rule 15(c)(1)(C)(ii) requires that the newly named defendant "knew or should have known that the action would have been brought against him, but for a mistake concerning the proper party's identity." The Supreme Court has made clear that "Rule 15(c)(1)(C)(ii) asks what the prospective defendant knew or should have known during the Rule 4(m) period, not what the plaintiff knew or should have known at the time of filing her original complaint." Krupski, 560 U.S. at 548. Plaintiff asserts that the Chief should have known he would be sued for his participation in the incident by at least December 8, 2021, when Plaintiff served a tort claims notice on the Chief, other members of the Wildwood Crest Police Department, and the Wildwood Crest Borough Municipal Clerk. ECF No. 23 at 11. Additionally, Plaintiff maintains that the Chief was additionally on notice of this action given Plaintiff sued several of the Department's employees in their individual and official capacities for an incident that occurred while these employees reported to the Chief, who is alleged to have been present at the incident in question. Id. at 7.

The Court finds that these actions by Plaintiff sufficed to apprise the Chief of the litigation to provide him an opportunity to preserve evidence and participate, especially in the context of the Chief's admitted participation in Plaintiff's arrest, the sole incident from which all claims arise, and given several of the Chief's subordinates, as well as the Boro itself, have been defendants in this action since the filing of the original complaint. See Seber v. Daniels Transfer Co., 618 F.Supp. 1311, 1314 (W.D. Pa. 1985) (finding identity of interest between company and officers who "run[] the day-to-day business"). Plaintiff asserts he specifically named fictious defendants, John Does 1-10, in his complaint because the alleged blow to the

back of Plaintiff's head rendered discovery the only feasible way to learn which officers were involved in the incident. ECF No. 23 at 7. Indeed, the original complaint identified fictitious defendants who either "were police officers employed by the Boro and acted in the course of their employment" or "were supervisory law enforcement personnel employed by the Boro and responsible for training, discipline, and supervision of its police officers." ECF No. 1 at 3. Accordingly, Plaintiff may avail himself of Rule 15(c)(1)(C) for the amendment to relate back to the original complaint.[1]

### III. Conclusion

Having considered Defendants' opposition and the factors relevant in the Third Circuit to adjudication of a motion to amend a complaint, and observing no evidence of bad faith, prejudice, futility, or other reason to deny leave to amend, and finding good cause exists to permit the proposed amendments to the complaint,

**IT IS**, therefore, on this **19th** day of **February 2025**,

**ORDERED** that Plaintiff's motion to amend his complaint is **GRANTED**. Plaintiff shall file the proposed amended complaint within 7 days of this Order; and it is further

---

[1] As Plaintiff's satisfaction of Rule 15(c)(1)(C) is sufficient to grant leave to amend the complaint to add the Chief as a defendant, the Court need not address Rule 15(c)(1)(A), which provides an alternative basis for amendment, namely that an amendment can relate back to the date of the original pleading when "the law that provides the applicable statute of limitations allows relation back." In New Jersey, Court Rule 4:26-4 allows plaintiffs to include a fictitious name in the complaint, "stating it to be fictitious and adding an appropriate description sufficient for identification," and "on motion, prior to judgment, amend the complaint to state defendant's true name." To take advantage of the fictitious party rule, a plaintiff must exercise due diligence to discover the defendant's true name before and after filing the complaint. DeRienzo v. Harvard Indus. Inc., 357 F.3d 348, 353 (3d Cir. 2004) (citing Farrell v. Votator Div. of Chemetron Corp., 299 A.2d 394, 396 (N.J. 1973)). Notably, Defendants' briefing does not challenge Plaintiff's diligence, arguing instead that Plaintiff's use of generic "John Doe" defendants does not satisfy the fictitious party rule. ECF No. 22 at 8. The Court observes that Plaintiff's brief was filed 8 business days after Plaintiff first learned of the Chief's involvement at his deposition. ECF No. 23 at 8.

**ORDERED** that Plaintiff's expert reports and disclosures are due by **April 7, 2025**; and it is further

**ORDERED** that Defendants' expert reports and disclosures are due **45 days** after the service of Plaintiff's reports and disclosures.

s/ Matthew J. Skahill
MATTHEW J. SKAHILL
United States Magistrate Judge